AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:13cr172 (SRU)*  <br>USM NO: *21306-014* |
| FEISAL SHARIF |  |
|  | *Richard Schechter*  <br>Assistant United States Attorney |
|  | *Paul F. Thomas*  <br>Defendant's Attorney |

**THE DEFENDANT:** pled guilty to counts 1 and 2 of an Information.

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count(s) |
|---|---|---|---|
| 7:6o and 13(a)(2) | Commodity Pool Operator Fraud | August 2012 | one |
| 18:1343 | Wire Fraud | August 2012 | two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **100 months on Count 1 and 100 months on Count 2, to run concurrently**.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **36 months on Count 1 and 36 months on Count Two, to run concurrently**.  The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

    (1) The defendant shall participate in a program approved by the Probation Office for mental health treatment.  The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the probation officer.

    (2) The defendant shall avoid all contact with any victim in the subject offenses of conviction.

    (3) The defendant shall pay any restitution that is imposed by this judgment, payable immediately, at a rate of no less than the greater amount of $200 per month or 10% of defendant's gross income (interest is waived). The monthly payment schedule may be adjusted based on the defendant's ability to pay as determined by the probation officer and approved by the Court.

    (4) The defendant shall not incur new credit card charges above $250 or open additional lines of credit without the prior permission of the probation officer until the defendant's criminal debt obligation is paid. The defendant shall not add any new names to any lines of credit, shall not be added as a secondary card holder on another's line of credit, and shall provide the probation officer with electronic access to any online management of any lines of credit, including lines of credit for businesses/LLCs that are owned, operated or otherwise associated with the defendant.

    (5) The defendant shall close all other savings/checking accounts, transfer all assets into one main bank account and shall not add any new account holders to that account (the account may include the defendant's spouse if there are joint marital assets/expenses). The defendant shall provide the probation officer with electronic "read only" access to any online management of the account. The defendant shall provide the final statement from each account that is closed to ensure that no funds are dissipated during the closing of existing accounts and opening of the single account.

    (6) The defendant shall permit the probation officer to monitor investment and retirement accounts, to include coordinating with the account administrator to notify the probation officer of any activity on the account.

   (7)  The defendant shall not encumber personal homes or investment properties without permission of the Court, and shall not transfer, sell, give away, barter, or dissipate in any way any assets, including personal property (ie: motor vehicles, recreational vehicles) without the express permission of the probation officer and notification to the Court.

   (8)  Upon request, the defendant shall submit a proposed budget (detailing expected income and expenses) to the probation officer, after which the probation officer shall communicate his/her approval to the defendant. The defendant shall adhere to the approved budget and any deviations must be approved before incurring and paying the expense.  Any receipt of income or asset not anticipated by the approved budget shall be reported to the probation officer within two days of the receipt of the income or asset, or within two days of the defendant's receipt of knowledge that such income or asset will be received, whichever comes sooner.  Such unanticipated income or asset cannot be disposed of without prior permission of the probation officer.

   (9)  The defendant shall retain receipts for inspection, upon reasonable notice, any expenditures greater than $250.

   (10)  The defendant shall not possess a firearm, destructive device or other dangerous weapon.

   (11)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:** $200.00 To be paid immediately
**Fine:** Waived
**Restitution:** $3,682,930.00 to the victims and in the amounts set forth in Exhibit "A" to the government's 3/11/14 sentencing memorandum.  To be paid to the victims pro rata through the U.S. District Court Clerk's Office.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

   Defendant be assigned to FCI Bastrop, Austin, TX, where his family expects to relocate.
   **The Defendant Shall Surrender at the Institution Designated by the Bureau of Prisons before 2 p.m. May 1, 2014.**

   **March 19, 2014**
   Date of Imposition of Sentence

   /s/ **Stefan R. Underhill**
   Stefan R. Underhill
   United States District Judge
   Date:   April 1, 2014

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

   _____
   Joseph P. Faughnan
   United States Marshal

   By _____
   Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE _____
ROBERTA D. TABORA, Clerk
BY: _____**

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or
  - (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____   _____
**Defendant**                                                    **Date**


_____   _____
**U.S. Probation Officer/Designated Witness**         **Date**