UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>FEISAL SHARIF | No. 3:13-cr-172 (SRU) |

### RULING ON MOTION FOR COMPASSIONATE RELEASE

Currently before me is Feisal Sharif's second motion for compassionate release under the First Step Act, which I construe as a motion for reconsideration of my ruling denying his prior motion for compassionate release. *See* Mot., Doc. No. 81. For the reasons that follow, the motion is **denied**.

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Barnett v. Connecticut Light & Power Co.,* 967 F. Supp. 2d 593, 596 (D. Conn. 2013), *aff'd,* 580 F. App'x 30 (2d Cir. 2014) (quoting *Ayazi v. United Fedn. of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir. 2012)). A motion for reconsideration may not be used to "advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Connecticut Com'r of Labor v. Chubb Grp. of Ins. Companies*, 2013 WL 836633, at *1 (D. Conn. Mar. 6, 2013), *aff'd*, *McMahon v. Chubb Group of Ins. Companies*, No. 13-1244 (2d Cir. Feb. 3, 2014) (citation omitted).

As an initial matter, to the extent Sharif argues that reconsideration is warranted because I did not enter a scheduling order or wait for counsel to supplement his *pro se* motion before issuing a ruling, that is without merit. Sharif filed his initial motion on June 12, 2020, doc. no. 74, and defense counsel was added four days later, on June 16, 2020. The government opposed the motion on June 23, 2020; a reply memorandum, which was due 14 days thereafter, was never filed. *See* D. CONN. L. R. 7(d) ("Any reply memorandum . . . must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made, as computed under Fed. R. Civ. P. 6."). A scheduling order was not necessary, and counsel had every opportunity to submit a reply or supplemental memorandum, or to request an extension to do so, before I issued my ruling on July 10, 2020.

The other arguments that Sharif raises in his motion are equally unpersuasive. Sharif principally argues that the COVID-19 pandemic—coupled with his prediabetes diagnosis, the high number of COVID-19 cases at FMC Devens, and FMC Devens' inadequate cleaning measures—constitute "extraordinary and compelling reasons" warranting his release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot. For Release, Doc. No. 81-1. Sharif advanced each of those arguments, without success, in his first motion and may not relitigate them here. *See Connecticut Com'r of Labor,* 2013 WL 836633, at *1.

Nor do the programming certificates and letters in support of his release, which are appended to the instant motion, merit reconsideration. Any new evidence introduced must "reasonably be expected to alter the conclusion reached by the court" in order to justify reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Those exhibits are more relevant to the issues whether Sharif would pose a danger to any other person under U.S.S.G. § 1B1.13(3) and whether a reduction of his sentence would comport with the

sentencing goals under 18 U.S.C. § 3553(a)—neither of which underlined my denial of his first motion.  Instead, I denied his motion because he had failed to establish "extraordinary and compelling" reasons justifying his release, and the exhibits reflecting Sharif's rehabilitation are not dispositive to that analysis.  *See* Ruling, Doc. No. 79, at 4–6.

The same goes for Sharif's medical records.  The medical records attached to Sharif's motion appear to be ones that I already considered in my first ruling and, in any event, would not reasonably be expected to compel a different outcome.  Although the records say diabetes under the lipids sections, the actual test results are all prediabetes levels, and I already rejected Sharif's argument that a prediabetes diagnosis makes him especially vulnerable to COVID-19.  *See id.*

That FMC Devens may be seeing a higher number of COVID-19 cases also does not warrant reconsideration.  As I noted in my first order, "the mere existence of COVID-19 cases or fatalities does not entitle Sharif to relief."  *See* Ruling, Doc. No. 79, at 5 (citing *United States v. Adams*, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020)).

Sharif's motion for compassionate release (doc. no. 81) is **denied**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 4th day of November 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge